UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN H. PIRTLE,

        Petitioner,

   v.

CALIFORNIA BOARD OF PRISON TERMS, et al.,

        Respondents.

NO. CIV. S-04-518 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on respondent California Board of Prison Terms' ("respondent") application[1] for a stay of the court's May 29, 2007 order granting petitioner John H. Pirtle's ("petitioner") habeas petition.[2] In said order, the court adopted the magistrate judge's findings and recommendations ("F&Rs"), granting the petition on the ground respondent

---

[1] Respondent filed its application on June 6, 2007, requesting an "expedited ruling" by June 20, 2007. By Minute Order of June 12, 2007, the court set a briefing schedule and a hearing date of June 22, 2007, should a hearing be necessary.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

arbitrarily and capriciously denied petitioner parole and requiring respondent to "set a parole date for petitioner within thirty days from the date of [the] order." (Docket #25.) While the court's order was dated May 25, 2007, it was not filed and served by the Clerk of the Court until May 29, 2007. As such, the court finds that the thirty day period commenced on May 29, thus requiring respondent to act by June 28, 2007.

Respondent now moves for a stay of the court's order pending its appeal.[3] Petitioner opposes the motion, arguing that the grant of his petition presumptively entitles him to release and respondent has not rebutted the presumption.

"Federal Rule of Appellate Procedure 23(c) provides that, when the Government appeals a decision granting a writ of habeas corpus, the habeas petitioner shall be released from custody," unless the court rendering the decision orders otherwise. Hilton v. Braunskill, 481 U.S. 772 (1987).[4] The Rule "undoubtedly creates a presumption of release from custody in such cases," but

---

[3] Judgment in this case was not entered until June 12, 2007. (Docket #27.) Respondent timely filed its notice of appeal on June 14, 2007. (Docket #29.)

[4] Fed. R. App. Proc. 23(c) provides: "While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety."

Respondent's argument, in its reply, that Rule 23(c) is inapplicable is wholly unavailing. The F&Rs, which this court adopted in its order, clearly found that any further parole suitability hearing would be "futile," and as such, respondent was directed to set a "parole date" for petitioner, *i.e.*, to *release him* from custody on a date certain. Contrary to respondent's suggestions, the court's order does not permit respondent to make any suitability determinations; respondent, per the order, must release petitioner on a specified date.

2

the presumption may be overcome where the factors traditionally considered in deciding whether to stay a judgment in a civil case, "tip the balance against it." Id. at 774, 777.  Said factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [of its appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776-77.  Ultimately, like its discretion in "conditioning a judgment granting habeas relief," this court has "broad discretion" in determining "whether the judgment granting habeas relief should be stayed pending appeal." Id. at 775.

In this case, the court finds that the presumption in favor of release is rebutted in light of the substantial issues presented in this case, issues on which respondent may well prevail on appeal.  These issues include, among others, whether there is clearly established federal law requiring that a decision to deny parole be supported by "some evidence," if said law exists, whether such evidence existed in this case, and whether clearly established federal law precludes the state from relying on petitioner's crime to find him unsuitable for parole. All of these matters present complicated questions for which there is no clear answer in the controlling law.[5]  Indeed, the

---

[5] These questions and the relevant case law are thoroughly described by the parties in their briefing in response to the F&Rs as well as on the instant motion. (Docket #s 22, 24 [respondent's objections to the F&Rs and petitioner's reply thereto].)  Accordingly, the court does repeat that discussion here.

3

law on these issues is in a state of flux[6] and is presently developing. See e.g. Carey v. Musladin, 127 S. Ct. 649, 652-53 (2006); Schriro v. Landrigan, 127 S. Ct. 1933, 1942 (2007). As such, considering that there is substantial ground for difference of opinion on the issues, the court finds that respondent has a strong likelihood of success on its appeal.

The court recognizes that aside from this factor, the other factors do not militate strongly in favor of a stay. Respondent has not made a particularized showing that petitioner's release would endanger public safety or otherwise harm the parole system generally. Indeed, the presumption is in favor of release in these cases and should the appellate court reverse this court's grant of the petition, petitioner, if released, could simply be ordered back to prison. Presumably, as again, respondent has made no showing of a flight risk, petitioner would return as directed; a surety, pursuant to Rule 23(c), could also be ordered to assure his return. Nevertheless, the court finds on balance, that because the legal issues presented in this case raise highly difficult questions, the resolution of which can fairly be deemed "close calls" in light of the developing state of the law, the court in its discretion GRANTS respondent's application for a stay.[7]

---

[6] See e.g. Kunkler v. Muntz, 2007 WL 683970 (9th Cir. Mar. 7, 2007); Culverson v. Davidson, 2007 WL 1163683 (9th Cir. June 8, 2007) (court "assumes without deciding that the denial of parole must be supported by 'some evidence'"); Irons v. Carey 479 F.3d 658 (9th Cir. 2007) (petitions for rehearing pending).

[7] The court also notes that the *Ninth Circuit* recently granted an emergency stay of a petition granting parole after the stay was denied by the district court, suggesting the propriety of this court's stay of the instant action. (Tolliver v. Sisto,

4

1    The court's order of May 29, 2007, granting petitioner's
2 habeas petition and ordering respondent to set a parole date for
3 petitioner within thirty days of the date of the order, is HEREBY
4 STAYED pending a decision on respondent's appeal.
5    IT IS SO ORDERED.
6 DATED: June 25, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

28 07-15347, Mar. 15, 2007, Ex. D to Resp.'s Reply.)