UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN H. PIRTLE,

        Petitioner,

   v.

CALIFORNIA BOARD OF PRISON TERMS, et al.,

        Respondents.

NO. CIV. S-04-518 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on petitioner's request for reconsideration[1] of the court's order of June 25, 2007, granting respondent's request for a stay of the court's remedial order (Docket #25) that had required the Board of Parole Hearings to set petitioner a release date no later than June 28, 2007.[2] Fed. Rs. Civ. P. 59(e), 60(b).  By the instant motion, petitioner

---

[1] After receipt of petitioner's request, filed July 10, 2007, the court directed respondent to file a response on or before July 18, 2007.  (Docket #38.)  Respondent filed its opposition on July 17, 2007 (Docket #39).

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

1  contends "new facts" justify reconsideration of the court's stay
2  order and warrant the court lifting the stay and ordering
3  petitioner released pending appeal.  See School Dist. No. 1J,
4  Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.
5  1993) (setting forth grounds for reconsideration, including
6  "newly discovered evidence").  Specifically, petitioner argues
7  that the court should reconsider its order granting a stay
8  because after the order was issued, respondent filed a request in
9  the Ninth Circuit to have the appellate briefing schedule and
10 appeal in this case stayed pending the Ninth Circuit's resolution
11 of petitions for rehearing in Irons v. Carey, 479 F.3d 658 (9th
12 Cir. 2007), a case raising the same critical issues involved in
13 this case.

14      Said procedural motion in the *appellate* court is not a "new"
15 fact impacting the stay order in *this* court.  For evidence to be
16 considered "new" for the purposes of Rules 59(e)/60(b), it must
17 be of such a character that it would change the outcome of the
18 court's prior decision.  See Fernhoff v. Tahoe Regional Planning
19 Agency, 622 F. Supp. 121, 122 (D. Nev. 1985).  Here, if the Ninth
20 Circuit grants respondent's request for a stay of the appeal,
21 such order would not be contrary to this court's June 25 order,
22 but rather, in line with and supportive of this court's
23 imposition of the stay, which was based, in part, on the court's
24 finding that respondent has raised "substantial issues . . . on
25 which [it] may well prevail on appeal."  (Mem. & Order, filed
26 June 25, 2007, 3:15-17.)

27      At the time this court issued its order granting respondent
28 a stay, the Ninth Circuit on its own motion had stayed a similar

1  case pending the resolution of the petitions for rehearing and
2  rehearing en banc in Irons (see Adams v. Butler, No. 05-16780
3  (9th Cir. June 21, 2007).  Since this court's order, the Ninth
4  Circuit, again on its own motion, stayed three additional cases
5  pending the resolution of Irons (Hatcher v. Carey, No. 06-17066
6  (9th Cir. June 28, 2007); Rodriquez v. Butler, No. 05-17081 (9th
7  Cir. June 28, 2007); Tolliver v. Sisto, No. 7-14347 (9th Cir.
8  June 28, 2007)).  In each of these cases, the issues on appeal,
9  regarding the applicability of the "some evidence" test and
10 continued reliance on a petitioner's crime to find him unsuitable
11 for parole, are the same as the issues in this case--issues which
12 this court has already determined warrant imposition of a stay of
13 the court's remedial order.  (Docket #35.)
14      As such, the court finds that there are no new facts
15 justifying reconsideration of its stay order.  Petitioner's
16 motion for reconsideration is DENIED.
17      IT IS SO ORDERED.
18  DATED: July 24, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE